**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PAO M.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of United States Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and RYAN SHEA, *Sheriff of Freeborn County,*

Respondents.

Case No. 26-cv-3399 (LMP/DJF)

**ORDER**

---

On August 21, 2026, the Court denied Petitioner Pao M.'s[1] petition for a writ of habeas corpus after the Court concluded that Immigration and Customs Enforcement ("ICE") had followed applicable regulations in revoking his Order of Supervision ("OSUP") and that Pao was lawfully detained. ECF No. 9. Specifically, the Court determined that, at the time of Pao's arrest, ICE had shown that Pao's removal was "significantly likely in the reasonably foreseeable future" because ICE had a travel document for Pao and had manifested Pao on a flight to Laos on September 5, 2026. *Id.*

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

at 3, 8–10. As a result, the Court concluded that ICE was justified in revoking the OSUP. *Id.* at 9.

On September 10, 2026, Pao filed a letter requesting leave to file a motion to reconsider or to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). ECF No. 11. Pao asserts that he was not placed on a flight to Laos, that he remains in ICE custody, that his travel document has expired, and that Respondents have informed him that "there is no removal date officially scheduled." *Id.* at 1–2. So, according to Pao, his removal is no longer "significantly likely in the reasonably foreseeable future." *Id.* He asserts that the basis of the Court's rationale "no longer exists" because there is "no longer a scheduled removal date." *Id.* at 2.

The Court denies Pao's request for leave because Pao is not required to seek leave to file a Rule 59(e) motion. True, Local Rule 7.1(j) requires a party to seek leave to file a motion for reconsideration. *See* L.R. 7.1(j). But a Rule 7.1(j) motion for reconsideration and a Rule 59(e) motion are not the same. Rule 59(e) applies to motions to alter or amend a final judgment, whereas a Rule 7.1(j) motion applies to non-final orders. *See DuBose v. Kelly*, 187 F.3d 999, 1002 n.1 (8th Cir. 1999) (noting that "the local rule setting out a special procedure for 'motions to reconsider' (a term not found in the Federal Rules of Civil Procedure) was intended to apply to litigants' desire to get reconsideration of pre-judgment actions by the trial court, for example, an order denying a motion for summary judgment, an order compelling discovery, or the like"); *Randolph v. Erick Berscheid Trucking, LLC*, No. 25-cv-4526 (PJS/LIB), 2026 WL 1216911, at *1 (D. Minn. May 5, 2026) (noting that "motions under Rules 59(e) and 60(b) are not properly directed at non-final orders").

Here, Pao seeks to amend the Court's final judgment, so Rule 59(e)—not Rule 7.1(j)—applies. *P Park Mgmt., LLC v. Paisley Park Facility, LLC*, No. 21-cv-2128 (MJD/JFD), 2022 WL 14882465, at *2–3 (D. Minn. Oct. 26, 2022) (explaining that "final judgments are considered under Rule 59(e)"). And a party may file such a motion as of right.[2] *DuBose,* 187 at 1002 n.1 (Rule 59(e) "expressly authorizes the filing of motions to alter or amend a judgment. Litigants have a right . . . to file such motions."); *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008) (noting that a district court "abused its discretion by denying as untimely under a local rule [a] motion for reconsideration filed pursuant to Rule 59(e)"). As a result, the Court denies Pao's request, given that Pao does not need the permission he seeks.

That said, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation modified). And a Rule 59(e) motion pointing to new evidence must explain how "newly discovered evidence" that existed at the time of the Court's order would have—if known to the Court—changed the outcome of the Court's order. *Greene v. Gassman*, No. 11-cv-0618 (PJS/TNL), 2014 WL 1775789, at *1 (D. Minn. May 5, 2014) (explaining that evidence is newly discovered if the evidence existed when the Court entered judgment but was not discovered until later); *Garrison v. New Fashion Pork LLP*, No. 18-cv-3073 (CJW/MAR), 2020 WL 10486709,

---

[2] So long as it is timely, which is "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Judgment in this case was entered on August 24, 2026. ECF No. 10. Pao has until September 21, 2026, to file any Rule 59(e) motion.

at *2 (N.D. Iowa May 5, 2020) (noting that "because the facts did not exist at the time of trial, it is not newly discovered evidence for Rule 59(e) purposes"). Alternatively, if Pao believes that developments occurring *after* the Court's order make his continued detention unlawful, he is entitled to file a new habeas petition asserting any such claims. *See* ECF No. 9 at 10 (denying Pao's petition "without prejudice").

**ORDER**

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Pao M.'s Request for Leave To File a Motion To Reconsider or Rule 59(e) Motion (ECF No. 11) is **DENIED as moot**.

Dated: September 15, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge